UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| STEPHANIE A. CAULKINS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:04-cv-654 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

    This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). Plaintiff claimed an onset of disability of March 1, 1998 and her disability insured status expired on December 31, 2002. Therefore, plaintiff is contesting the Commissioner's decision finding that plaintiff was not disabled during the closed period from March 1, 1998, through December 31, 2002. On November 15, 2001, plaintiff filed the application giving rise to this appeal. (A.R. 49-51). Plaintiff's claim was denied upon initial review, and as a disability redesign prototype case, was not subject to administrative review at the reconsideration stage. (A.R. 27). On October 14, 2003, plaintiff received a hearing before an administrative law judge (ALJ) at which plaintiff was represented by counsel. (A.R. 616-48). On June 16, 2004, the ALJ issued a decision finding that plaintiff was not disabled during the closed period in question. (A.R. 15-23). The Appeals Council denied review on September 4, 2004 (A.R. 6-8), and the ALJ's decision became the Commissioner's final decision. On September 30, 2004, plaintiff filed her complaint in this court seeking review of

the Commissioner's decision denying her DIB claim. Plaintiff's brief sets forth the following statement of errors for review:

>   I. WHETHER SUBSTANTIAL EVIDENCE IN THE RECORD AS A WHOLE SUPPORTS THE FINAL DECISION OF THE COMMISSIONER OF SOCIAL SECURITY (COMMISSIONER), THAT PLAINTIFF, STEPHANIE A. CALKINS WAS NOT DISABLED, AND THEREFORE WAS NOT ENTITLED TO SOCIAL SECURITY DISABILITY INSURANCE BENEFITS.

(Plf. Brief at 1, Statement of Errors, docket # 9). More specifically, plaintiff argues that, "The ALJ's conclusion that Plaintiff retained the RFC to perform her prior occupational activities was not in accord with the Social Security Administration policy and regulation granting controlling weight to a treating source's medical opinion, SSR 96-2p." (Plf. Brief at 8-9). Upon review, I find that plaintiff's arguments do not provide any basis for disturbing the Commissioner's decision, and recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997); *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston*, 245 F.3d at 534 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve

conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528; *Hogg v. Sullivan*, 987 F.2d 328, 331 (6th Cir. 1993); *Brainard v. Secretary of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ – would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

### Discussion

The ALJ found that plaintiff met the disability insured requirements of the Social Security Act on March 1, 1998, her asserted onset of disability, and continued to meet them through December 31, 2002, but not thereafter. It was plaintiff's burden to submit evidence demonstrating that she was disabled prior to the expiration of her disability insured status. *See Moon v. Sullivan*,

923 F.3d 1175, 1182 (6th Cir. 1990); *see also Rooney v. Barnhart*, No. 03-2459, 2004 WL 2490904, at * 2 (6th Cir. Nov. 5, 2004). Plaintiff's hearing testimony established that she was 28 years old as of the date last insured. Plaintiff had changed her state of residency from Illinois to Michigan in January of 2000 (A.R. 638, 641),[1] and on September 22, 2000, had given birth to her daughter. (A.R. 621). Plaintiff had not engaged in substantial gainful activity since her alleged onset of disability. The ALJ found that the medical evidence established that plaintiff had the severe impairments of diabetes mellitus (type I), depression, fibromyalgia, somatization disorder, and obesity. The ALJ found that plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. The ALJ determined that plaintiff's subjective complaints were not fully credible.

> The claimant[] alleges an inability to work due to persistent body aches, fatigue, depression and residuals stemming from diabetes. According to the claimant, her condition limits her ability to lift, sit, stand or walk.
>
> The undersigned considered whether the claimant's medically determinable impairments could reasonably be expected to cause the disabling symptomology alleged and concluded that they could. However, after careful consideration of the entire record, the undersigned finds that the claimant's testimony with respect to the extent and severity of her impairment and the resulting functional limitations to be somewhat overstated and inconsistent with the available evidence. Specifically, the undersigned finds that despite a very turbulent 5 month history of hospitalization[s] and treatment in 2001, her condition dramatically improved and the results of diagnostic testing did not reveal any ongoing pathology. The claimant has not been recommended to undergo any surgical intervention. Moreover, treating physicians have indicated that the claimant has no neuropathy or retinopathy as a result of her diabetes and that her hypertension is well controlled (Exhibit 2F). Granted, the claimant still has to control and monitor her sugars, including taking responsibility for her diet.
>
> While limited to some extent, the claimant is able to perform self-care tasks and other activities. The claimant prepares meals and does other household work. The claimant also

---

[1] Plaintiff testified that in January 2003, she moved from Michigan to Davenport, Iowa. Plaintiff traveled by car to Lansing, Michigan, to attend her October 14, 2003 hearing. (A.R. 620, 641; *see also* A.R. 126-31).

-4-

    described watching television and visiting. Certainly these are not the activities of an individual who is totally incapacitated and in my opinion clearly reflect the ability to perform work at least of a sedentary nature.

    Moreover, although the claimant does take some medications for her symptoms[,] these [medications] do not include any real strong analgesics and the claimant complained of no significant side effects f[r]om the medications that she does take.

    Finally, the record does not contain any opinions from treating or examining physicians indicating[2] that the claimant is disabled. Another factor influencing the undersigned's assessment as to the claimant's ability to perform some type of sedentary work activity is the claimant's generally unpersuasive appearance and demeanor while testifying at the hearing. It is emphasized that this observation is only one among many being relied on in reaching regarding the claimant's [] residual functional capacity.

(A.R. 21). The ALJ found that plaintiff retained the following residual functional capacity (RFC): "sedentary work with occasional lifting of up to 10 pounds and frequent lifting of 5 pounds; sitting 6-8 hours per work day; walking/standing 2 out of 8 hours per day; with no repetitive bending, twisting, turning and no crawling, squatting, kneeling and climbing," and was limited to performing simple, unskilled work. The ALJ found that plaintiff was not disabled at step four of the sequential analysis because plaintiff's past relevant work as an interviewer did not require the performance of work related activities precluded by plaintiff's RFC. (A.R. 15-23).

---

[2] The ALJ's statement that the record does not contain any opinion from a treating physician "indicating" that the claimant is disabled is an overstatement. It is true that no treating physician stated that plaintiff was disabled. However, as discussed in greater detail herein, one treating family physician, Beverly J. Sankey, M.D., did offer her opinion on February 1, 2002, that plaintiff "would not be able to hold down a full time job at this point in time." (A.R. 457). While Dr. Sankey never expressly stated it was her opinion that plaintiff was "disabled," and less than full-time work can constitute substantial gainful activity precluding a finding of disability, *see* 20 C.F.R. § 404.1572, Dr. Sankey's statement that plaintiff could not perform full-time work is reasonably construed as "indicating" an opinion that plaintiff was disabled.

**1.**

Plaintiff argues that, "The ALJ's conclusion that Plaintiff retained the RFC to perform her prior occupational activities was not in accord with the Social Security Administration policy and regulation granting controlling weight to a treating source's medical opinion, SSR 96-2p." (Plf. Brief at 8-9). RFC is the most, not the least, the claimant can do despite her impairments. 20 C.F.R. § 404.1545(a). Residual functional capacity is a determination made by the ALJ based upon all the evidence within the record. *Walters*, 127 F.3d at 530; 20 C.F.R. § 404.1527(e). Dr. Sankey's conclusion that plaintiff was not capable of full-time employment was not based on any quantified functional limitations in plaintiff's exertional or nonexertional capacities. Even construing her statement concerning full-time employment as a statement regarding plaintiff's RFC, it was not entitled to deference. A treating physician's opinion with regard to a claimant's residual functional capacity is not entitled to any particular weight. *See Johnson v. Barnhart*, 268 F. Supp. 2d 1317, 1323 (M. D. Fla. 2002) ("The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (*see* 20 C.F.R. § 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination in the providence of the Commissioner."), *aff'd*, No. 02-16464, 2003 WL 21283493 (11th Cir. May 22, 2003). "Under § 404.1527(e)(2), an ALJ is not bound by any findings from a medical source as to residual functional capacity. Rather, the responsibility for determining a claimant's residual functional capacity rests with the ALJ. . . ." *Stratton v. Apfel*, No. 2:99 CV 103, 2000 WL 1203903, at *7 (W.D. Va. Aug. 17, 2000). Here, the ALJ stated at length his reasons for finding that plaintiff's subjective complaints were not fully credible. (A.R. 17-21). Although Dr. Sankey gave full credibility to

plaintiff's subjective complaints, the ALJ was not required to do so. Upon review, I find that the ALJ's credibility and RFC determinations are supported by more than substantial evidence.

      Plaintiff argues that the ALJ committed error by failing to give "controlling weight" to Dr. Sankey's opinion that plaintiff "would not be able to hold down a full-time job," (Plf. Brief at 6) and was "not capable of full-time employment." (*Id.* at 8). Plaintiff claims, "There is no reason presented in this record to not accept the opinions of Dr. Sankey regarding Plaintiff/Appellant's disability as controlling." (*Id.* at 11). The foundation for plaintiff's argument is a one-paragraph letter dated February 1, 2002, from Dr. Sankey addressed to Michigan's Family Independence Agency. (A.R. 457). The body of this letter, in its entirety, is set forth verbatim below:

> I have been asked to provide my opinion on Stephanie Caulkin's maximum working capacity for sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking and traveling. Although Stephanie has the capacity for these jobs, she also has diabetes which is quite severe and difficult to control. She is seeing a specialist in order to do this and still has a lot of trouble with her control. Therefore, she has repeated and frequent illnesses, as well as bouts to the hospital. She also has a lot of anxiety associated with this disorder. It is my opinion that Stephanie would not be able to hold down a full time job at this point in time. Once her sugar is under control, if this can be accomplished, this might be an option at that time.

(A.R. 457). This letter does not identify any limitations in plaintiff's maximum working capacity for sitting, standing, walking, lifting, carrying, handling objects, hearing, speaking and traveling. Dr. Sankey's statement that plaintiff "has the capacity for these jobs," does not establish any degree of functional limitation. Dr. Sankey stated that plaintiff's diabetes was being treated by "a specialist," apparently referring to endocrinologist Gossein. The few records from Dr. Gossein's office that plaintiff submitted in support of her disability claim (A.R. 139-144, 313-19) do not reflect any functional restrictions, and expressly state that plaintiff's EMG had returned normal results. (A.R. 141). Dr. Sankey's opinion that plaintiff "would not be able to hold down a full time job at

-7-

this point in time"[3] is not a "medical opinion."[4] Dr. Sankey's legal conclusion is not entitled to any deference under the social security regulations. *See Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (A doctor's opinion that the claimant is "unable to work" or disabled is a legal conclusion, not a medical opinion within the meaning of the regulations and is not entitled to any special significance.); *see also Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) ("Treating physicians' opinions are not medical opinions that should be credited when they simply state that a claimant cannot be gainfully employed, because they are merely opinions on the application of the statute, a task assigned solely to the discretion of the Commissioner."); *Cainglit v. Barnhart*, No. 03-7004, 2003 WL 22963117, at * 5 (10th Cir. Dec. 17, 2003) ("An opinion by a treating physician that a claimant is 'disabled' or 'unable to work' has no special significance because it is not a medical opinion.") (citing 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1)). The ultimate issue of disability is reserved to the Commissioner and it is well established that the Commissioner is not bound by a treating physician's statement that a patient is "unable to work" or "disabled." *See Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); 20 C.F.R. § 404.1527(e)(1); *see also Carrean v. Massanari*, No. 01-3552, 2002 WL 31654581, at * 1 (6th Cir. Nov. 21, 2002) ("[T]he regulations specifically caution the ALJ that opinions whether an individual 'is disabled' or 'unable to work' should not be

---

[3] The ALJ's opinion contains a lengthy discussion of plaintiff's medical treatment history (A.R. 17-19), including the treatment provided by Dr. Sankey. The ALJ expressly addressed the above-quoted letter: "A report from Dr. Sankey dated February 1, 2002 indicated that the claimant was not able to hold down a full time job due to her combined impairments and that once her sugar is under control, this might be an option. Dr. Sankey did not indicate how long the claimant had been in this condition. (Exhibit 32F)." (A.R. 18).

[4] Medical opinions and diagnosis of treating physicians are not entitled to great weight where they are conclusory, but are entitled to such weight where supported by detailed objective criteria and documentation. *See Jones v. Commissioner*, 336 F.3d at 477; *Buxton v. Halter*, 246 F.3d at 773 (6th Cir. 2001); *see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

given any special significance because they intrude upon issues that are reserved to the Commissioner."); *Storey v. Commissioner*, No. 98-1628, 1999 WL 282700, at * 3 (6th Cir. Apr. 27, 1999).

Finally, plaintiff's brief makes repeated reference to SSR 96-2p. This ruling specifies that four elements must be present before a treating physician's "opinion" is entitled to controlling weight. The critical element in this case is that the opinion "must be a 'medical opinion.'"[5] Policy Interpretation Ruling Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, SSR 96-2p (reprinted at 1996 WL 374188, at * 2) (SSA July 2, 1996)). SSR 96-2p refers to SSR 96-5p, and the latter ruling explains why opinions like Dr. Sankey's opinion that plaintiff was incapable of holding down a full- time job are not entitled to any special significance.

> [T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance. Giving controlling weight to such opinions would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, an thus would be an abdication of the Commissioner's statutory responsibility to determine whether the individual is disabled.

Policy Interpretation Ruling Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner, SSR 96-5p (reprinted at 1996 WL 374183, at * 2) (SSA July 2, 1996)). I find that SSR 96-2p undermines plaintiff's position rather than supports it.

---

[5] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairments. . . ." 20 C.F.R. § 404.1527(a)(2).

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:  May 31, 2005           /s/  Joseph G. Scoville
                               United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).